# IN THE COURT OF APPEALS OF IOWA

No. 22-1462
Filed July 13, 2023

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**BROCK MCREY BURGDORF,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Warren County, Kevin A. Parker, District Associate Judge.


　　Brock Burgdorf appeals the sentence imposed following his guilty pleas.
**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTION.**


　　Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

　　Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


　　Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Brock Burgdorf appeals the sentence imposed following his guilty pleas. We affirm in part, vacate in part, and remand for entry of a corrected judgment.

After a traffic stop turned into a violent encounter between Burgdorf and three officers, Burgdorf eventually pleaded guilty to one count of willful injury resulting in bodily injury as a habitual offender and two counts of interference with official acts as a habitual offender, in violation of Iowa Code sections 708.4(2), 719.1(1)(a), 719.1(1)(f), and 902.8 (2022).

At sentencing, the State recommended consecutive fifteen-year prison terms. The defense asked the court to recognize Burgdorf's mental-health issues and longstanding substance-abuse problem, suspend any sentence, and order probationary sentences with placement at inpatient treatment and then a residential facility. Burgdorf provided an allocution statement.

The district court sentenced Burgdorf to three indeterminate terms of imprisonment not to exceed fifteen years, with a mandatory minimum of three years on each conviction, with the sentences to be served concurrently. The court also imposed a fine of $1025 on each conviction and suspended the fines.

The sentencing court noted it had reviewed the presentence investigation report and considered a number of factors, including Burgdorf's prior criminal record, incarcerations, and revocations of probation. When the court asked if he had had treatment in the past, Burgdorf indicated in the negative. The court explained:

> Mr. Burgdorf, it's going to be up to you as to whether you take advantage of any type of matters within the system, but I don't know if any will be offered to you. You've had your sentences reconsidered

in the past, you've had probation in the past, and it seems like they've all blown up.

Upon your release, I don't know if you'll discharge your sentence or be subject to parole. If you're subject to parole, you will need to have some type of program. And if you don't come up with a game plan, we're going to see you back here again. Do you understand that?

. . . .

So it's a situation you're going to have to take advantage of any programs within the system. You don't have to wait for therapy. You can attend meetings within the system, but you're going to have to come up with some type of plan upon your release because we're not going to put some of this behind you. What type of therapy is required or needed, I don't know. That's why you need a thorough evaluation and a program, so I would hope that you would take advantage of whatever program that's within the system.

In the written judgment the court indicates the "sentence is consistent with the protection of the public, the gravity of the offense, the Defendant's criminal history, and the rehabilitative needs of the Defendant."

Burgdorf appeals,[1] contending the court abused its sentencing discretion in imprisoning him and imposed an illegal sentence when it imposed a suspended fine on each habitual offender conviction.

The State concedes that the district court did not have the authority to impose a fine on the habitual offender sentences. *See* Iowa Code § 901.5(2) (giving the district court the authority to "pronounce judgment and impose a fine" upon the defendant "[i]f the defendant is not [a] habitual offender"), *see generally State v. Iowa Dist. Ct.*, 989 N.W.2d 652, 654–55 (Iowa 2023). Thus, we vacate the fine portion of the sentence.

> A sentencing court's decision to impose a specific sentence that falls within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of

---

[1] Challenging his sentence and not his guilty plea, Burgdorf has good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

discretion or the consideration of inappropriate matters." Our task on appeal is not to second-guess the sentencing court's decision. Rather, we must determine that its decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." We afford sentencing judges a significant amount of latitude because of the "discretionary nature of judging and the source of respect afforded by the appellate process."

*Damme*, 944 N.W.2d at 105–06 (internal citations omitted).

Burgdorf argues, "Imposing prison sentences under the guise of helping Burgdorf's methamphetamine and mental health issues is inappropriate." The correctional system may not be the most effective forum for dealing with issues of mental health and substance abuse. Yet, Burgdorf pleaded guilty to three criminal offenses against officers responding to what should have been a simple traffic stop; he punched one officer repeatedly, breaking the officer's occipital socket, and he attempted to headbutt another. *See State v. Thomas*, 262 N.W.2d 607, 611 (Iowa 1978) (noting "a person may not resist an arrest reasonably effected by one whom the arrestee knows or has good reason to know is a peace officer").

The sentencing court is statutorily directed to consider all sentencing options and select "which of them or which combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5.

Burgdorf does not assert prison sentences are not statutory sentencing options here. Nor does he complain the court's considerations were improper, i.e, the protection of the public, the gravity of the offense, and the Burgdorf's criminal history and rehabilitative needs. We find no abuse of the court's considerable discretion in imposing prison terms.

We vacate the imposition of fines and otherwise affirm. We remand for entry of a corrected sentencing order.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTION.**